UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **ROMINA MICHELLE BROWN and** | * | **CIVIL ACTION NO:** |
| **WILLIAM A. RICHARDSON, III, as** | * | **3:20-cv-599** |
| the Surviving Parents of Decedent, | * | |
| **WILLIAM BRANDON RICHARDSON,** | * | |
| **Plaintiffs** | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **RICHLAND PARISH SHERIFF'S** | * | |
| **OFFICE, GARY GILLEY, Individually** | * | |
| **and In His Capacity as Sheriff of** | * | |
| **Richland Parish, WARDEN JOEL** | * | |
| **WEATHERLY, and UNKNOWN** | * | |
| **RICHLAND PARISH SHERIFF** | * | |
| **DEPUTIES,** | * | |
| **Defendants** | * | **MAGISTRATE JUDGE:** |

**COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION, AND FOR DECLARATORY RELIEF AND COSTS OF COURT PURSUANT TO 42 U.S.C. §§1983 AND 1988 AND DEMAND FOR JURY TRIAL**

NOW INTO COURT, through undersigned counsel, come Romina Michelle Brown and William A. Richardson, III, who, based on information and knowledge, allege and aver as follows:

**I.**

**JURISDICTION**

1.  Plaintiffs, Romina Michelle Brown and William A. Richardson, III, bring this cause of action for monetary damages individually and for survival damages

on behalf of Plaintiffs' son, William Brandon Richardson, Deceased, and for declaratory relief and costs of court pursuant to 42 U.S.C. §§1983 and 1988 to redress the deprivation by Defendants, their agents, their employees and others acting in concert with them under the color of state law of the Plaintiffs' rights, privileges and immunities secured by the Eighth and Fourteenth Amendments of the Constitution of the United States and to redress damages arising under the negligence and intentional tort laws of the State of Louisiana. Jurisdiction is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(1), (2), (3) and (4). Plaintiffs allege pendent jurisdiction and supplemental jurisdiction over state law claims.

## II.

## PARTIES

2. Plaintiffs, ROMINA MICHELLE BROWN and WILLIAM A. RICHARDSON, III, are citizens of the United States and domiciled in the State of New Jersey. They are the parents of the Decedent, William Brandon Richardson, who died without descendant children.

3. Made Defendant herein is the RICHLAND PARISH SHERIFF'S OFFICE, a political subdivision of the State of Louisiana.

4. Made Defendant herein is GARY GILLEY, ("Sheriff Gilley"), individually and in his official capacity as Sheriff of Richland Parish, who is a person of

  the full age of majority and a resident of the Western District of Louisiana. At all relevant times herein, Sheriff Gilley was acting under the color of state law and in the course and scope of his employment as the Sheriff of Richland Parish;

5. Made Defendant herein is JOEL B. WEATHERLY ("Warden Weatherly"), individually, who is a person of the full age of majority, a resident of the Western District of Louisiana, and is employed by the Richland Parish Sheriff's Office. At all relevant times herein, Warden Weatherly was acting under the color of state law and in the course and scope of his employment as warden of the Richland Parish Detention Center ("RPDC"); and

6. Made Defendants herein are UNKNOWN RICHLAND PARISH SHERIFF DEPUTIES ("Unknown Deputy" or "Unknown Deputies"), persons of the full age of majority and employed by the Richland Parish Sheriff's Office, acting under the color of state law and in the course and scope of their employment with the Richland Parish Sheriff's Department.

## III.

## FACTS

7. On or around Wednesday, November 6, 2019, William Brandon Richardson ("Mr. Richardson") died from injuries suffered at RPDC as a result of the fault and deliberate indifference of Defendants.

8. On November 6, 2019, Mr. Richardson was an inmate at RPDC and assigned inmate number 589962.

9. From approximately 5:00 pm until 5:06 pm on November 6, 2019, Mr. Richardson was the victim of multiple attacks by other inmates in the dormitory area of the RPDC. As a result thereof, Mr. Richardson died of stab wounds.

10. Based on information and belief, one or more inmates were charged with his murder.

11. At no time during the series of attacks were prison personnel present in the dormitory area to prevent or breakup the attacks. The final attack was broken up by other inmates.

12. Based on information and belief, the series of attacks was recorded on RPDC video but the video surveillance was not being properly monitored.

13. Prison personnel did not immediately evacuate Mr. Richardson from the dormitory after the attacks or provide medical assistance; instead, other inmates picked him up/moved him about six minutes after the final attack.

14. Mr. Richardson died as a result of the attacks.

## IV.

## FIRST CAUSE OF ACTION:  FAILURE TO ALERT TO THE NEED TO INTERVENE, FAILURE TO INTERVENE AND FAILURE TO SUPERVISE

15. Unknown Deputies were charged with monitoring the dormitory area by being present or by monitoring through video surveillance but failed to do so. Instead, as shown factually herein, the pattern of deliberate indifference resulted in a clear example of "the inmates running the asylum," with inmates doing as they pleased, fighting, policing themselves by breaking up fights, and evacuating fellow inmates to medical treatment when needed.

16. Unknown Deputies failed to alert other corrections officers of the need to intervene to protect the safety and life of William Brandon Richardson when the attacks started or when the final attack ended due to other inmates bringing it to an end, and did not render medical treatment until other inmates evacuated Mr. Richardson.

17. The Richland Parish Sheriff's Office, Sheriff Gilley and Warden Weatherly failed to supervise Unknown Deputies so as to prevent the failure to alert officers of the need to intervene to save the life of Mr. Richardson, as he was being threatened and attacked in plain sight on camera.

## V.

## SECOND CAUSE OF ACTION: FAILURE TO MONITOR, CLASSIFY, TRAIN AND IMPLEMENT POLICIES

18. Mr. Richardson was present in an area of RPDC with video monitoring.

19. The Richland Parish Sheriff's Office, Sheriff Gilley and Warden Weatherly are liable herein for failure to train correctional officers in the proper monitoring procedure and to establish adequate policies. The Richland Parish Sheriff's Office, Sheriff Gilley and Warden Weatherly failed to set forth an adequate policy regarding monitoring for prisoners at RPDC. The policy and training were inadequate since they did not provide for constant observation or other methods of adequate observation and supervision of inmates. The Richland Parish Sheriff's Office had a non-delegable duty to supervise, train, have adequate policies, classify and monitor RPDC and the individual Defendants so that inmates are provided a safe environment and are not injured or killed by other inmates.

20. The failure to implement adequate policy and training resulted in Defendants, Unknown Deputies, failing to follow good practices, failing to properly monitor the area and failing to protect the civil rights of prisoners including Mr. Richardson and was a cause of the violation of Mr. Richardson's rights as described *supra*.

## VI.

## THIRD CAUSE OF ACTION:  FAILURE TO TRAIN AND FAILURE TO IMPLEMENT ADEQUATE POLICIES

21. Defendants violated Mr. Richardson's rights under the Eighth and Fourteenth Amendments to be free of violent attacks by another inmate.

22. The failure to implement adequate policy and training was a cause of the failure to intervene and therein a cause of the violation of Mr. Richardson's rights as described *supra*.

## VII.

## FOURTH CAUSE OF ACTION:  FAILURE TO CLASSIFY AND PROTECT INMATES

23. Defendants violated Mr. Richardson's rights under the Eighth and Fourteenth Amendments to be free of violent attacks by another inmate because they had actual or constructive knowledge that the inmate charged with the second-degree murder of Mr. Richardson was a violent inmate.

## VIII.

## SIXTH CAUSE OF ACTION:  STATE LAW CLAIMS

24. Plaintiffs allege violations of Louisiana Civil Code art. 2315.  Officers named *supra* and other officers acting in the course and scope of their employment with the Richland Parish Sheriff's Office violated William Brandon Richardson's rights under Article I, §5 of the Louisiana Constitution of 1974.

25. The Richland Parish Sheriff's Office, Sheriff Gilley and Warden Weatherly are liable for the fault of their officers in failing to classify, act on the classification, separate, monitor, alert to the need for intervention, intervene and protect.  The Richland Parish Sheriff's Office, Sheriff Gilley and Warden Weatherly are also liable for their failure to train and supervise their officers.

26. Plaintiffs allege violations of Louisiana Civil Code art. 2315 for negligence and intentional acts.  Officers named *supra*, who were acting in the course and scope of their employment with Richland Parish Sheriff's Office, negligently or intentionally allowed or caused the conditions leading to the death of William Brandon Richardson.  Those acts and omissions should be evaluated under Louisiana Civil Code arts. 2323 and 2324.

27. None of the Defendants named are entitled to qualified immunity under federal or state law because of their objectively unacceptable violations of clearly settled law and constitutional law.

28. Further, Defendants named *supra* conspired and acted in unison in an effort to deprive Mr. Richardson of his civil rights.

29. The Richland Parish Sheriff's Office failed to properly supervise the performance of employees and the operations of RPDC.  The Richland Parish Sheriff's Office has a duty to review the performance of its personnel assigned

to RPDC and a duty to review training. The Richland Parish Sheriff's Office has a non-delegable duty to provide a safe custodial environment for inmates.

## IX.

## MISCELLANEOUS PROVISIONS

30. Defendant, Gary Gilley, is individually liable in his personal capacity, as well as in his official capacity, due to his role as Sheriff. Sheriff Gilley is not entitled to qualified immunity in his individual or official capacity, due to his deliberate indifference toward the safety and constitutional rights of Mr. Richardson.

31. Defendant, Warden Weatherly, is individually liable in his personal capacity, due to his role as warden. Warden Weatherly is not entitled to qualified immunity in his individual or official capacity, due to his deliberate indifference toward the safety and constitutional rights of Mr. Richardson.

32. Because of the malicious and deliberately indifferent actions and the state of mind of the Richland Parish Sheriff's Office and all individual Defendants toward Mr. Richardson's federally protected rights, Plaintiffs are entitled to an award of punitive damages against each Defendant.

33. Because of the malicious and deliberately indifferent actions and the state of mind of the Richland Parish Sheriff's Office and all individual Defendants

      toward Mr. Richardson's federally protected rights, Plaintiffs are entitled to an award of costs and attorney fees against each Defendant.

34. Plaintiffs demand a trial by jury.

35. Plaintiffs brings this survival action on behalf of their son, William Brandon Richardson, who suffered mental distress, loss of liberty, invasion of privacy, pain and suffering, loss of earning capacity, loss of enjoyment of life, embarrassment and humiliation as a result of the actions of the Defendants. Additionally, Plaintiffs brings this wrongful death action individually, for suffering loss of love, affection and society as a result of their son's death.

36. Plaintiff is entitled to an award of attorneys' fees and costs under 42 U.S.C. §§1983 and 1988.

WHEREFORE, Plaintiffs, ROMINA MICHELLE BROWN and WILLIAM A. RICHARDSON, III, pray that:

1. They be granted a trial by jury.

2. There be judgment herein in favor of Plaintiffs, ROMINA MICHELLE BROWN and WILLIAM A. RICHARDSON, III, and against Defendants, RICHLAND PARISH SHERIFF'S OFFICE, GARY GILLEY, individually and in his official capacity as Sheriff of Richland Parish, JOEL B. WEATHERLY, and UNKNOWN RICHLAND PARISH SHERIFF DEPUTIES, *in solido,* or alternatively, jointly and severally, in a reasonable

  amount to be set by the Court, plus judicial interest, compensatory damages, consequential damages, punitive damages and all costs of court, including attorneys' fees.

3. Such other and further relief as may be just and proper under the circumstances.

                Respectfully submitted,

                /s/ Patrick R. Jackson
                Patrick R. Jackson, T.C.
                LA Bar No. 25722
                Patrick R. Jackson, APLC
                4442 Viking Dr., #100
                Bossier City, LA 71111
                Telephone: (318) 752-3335
                Facsimile: (318) 752-3315
                pjackson@bossierlawoffice.com

                and

                John F. Young
                LA Bar No. 01659
                609 Metairie Rd., #300
                Metairie, LA 70005
                Telephone: (504) 352-8855
                john@johnyoungla.com
                Attorneys for Plaintiffs, Romina Michelle
                Brown and William A. Richardson, III